IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | |
|---|---|
| Brigham Oil and Gas, L.P., )<br>)<br>Plaintiff, )<br>)<br>)<br>vs. )<br>)<br>)<br>North Dakota Board of University and School )<br>Lands, et al., )<br>)<br>Defendants. ) | **ORDER GRANTING THE GOVERNMENT'S MOTION TO DISMISS**<br><br>Case No. 4:11-cv-058 |

___

Before the Court is the Government's "Motion to Dismiss," filed on September 20, 2011. See Docket No. 31. Neither the plaintiff, Brigham Oil and Gas, L.P., nor the cross-complainant, Upstream Innovations, Inc., filed a brief in response to the motion. For the reasons set forth below, the Court grants the Government's motion to dismiss the claim and cross-claim brought against it.

I. **BACKGROUND**

On June 20, 2011, the plaintiff, Brigham Oil and Gas, filed an "Amended Complaint" in state district court, Williams County, North Dakota. See Docket No. 1-1. In the complaint, Brigham Oil and Gas brings an interpleader action where it seeks to deposit *res*, cash proceeds derived from an oil well in western North Dakota with the Court and thereby be discharged of all liabilities to the defendants with respect to the distribution of the proceeds. See Docket No. 1-1. The United States holds title to a portion of the mineral rights in the well and was named as one of approximately eighty (80) defendants. See Docket No. 32-1. The Government removed the action from state court to federal court on July 13, 2011. See Docket No. 1.

Upstream Innovations, Inc. is also a named defendant in Brigham Oil and Gas' interpleader action. Upstream Innovations filed an "Answer to Amended Complaint and Counterclaim and

Crossclaims" in federal court on August 10, 2011.  See Docket No. 14.  In its crossclaim, Upstream Innovations alleges that it has superior claim to the *res* as compared to the other defendants.

The Government filed a motion to dismiss on September 20, 2011.  See Docket No. 31.  The Government contends the claims against it should be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.  None of the parties have responded to the motion.

## II.    LEGAL DISCUSSION

"The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress."  Block v. North Dakota, 461 U.S. 273, 287 (1983).  The consent must be unequivocally expressed in statutory text, and the scope of a sovereign immunity waiver is strictly construed in favor of the sovereign.  Lane v. Pena, 518 U.S. 187, 192 (1996).  A federal court has jurisdiction to hear a matter against the federal government only to the extent the federal government consents.  Lehman v. Nakshian, 453 U.S. 156, 160-61 (1981); Amerind Risk Mgmt. Corp. v. Malaterre, 633 F.3d 680, 684 (8th Cir. 2011); T.L. ex. rel. Ingram v. United States, 443 F.3d 956, 959 (8th Cir. 2006).

The plaintiff, Brigham Oil and Gas, filed an interpleader action.  Under 28 U.S.C. § 1335, this Court has original jurisdiction over interpleader actions.  The text of 28 U.S.C. § 1335 does not explicitly authorize interpleader actions against the United States.[1]  The United States Supreme Court

---

[1] 28 U.S.C. § 1332 provides:
(a) The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more, or having issued a note, bond, certificate, policy of insurance, or other instrument of value or amount of $500 or more, or providing for the delivery or payment or the loan of money or property of such amount or value, or being under any obligation written or unwritten to the amount of $500 or more, if

(1) Two or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title, are claiming or may claim to be entitled to such money or property, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of any such obligation; and if (2) the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court, or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge

has held that a waiver of sovereign immunity should not be "lightly implied." Block, 461 U.S. at 274. Courts that have decided the question have held that no waiver of immunity exists under 28 U.S.C. § 1335. AmSouth Bank v. Miss. Chem. Corp., 465 F. Supp. 2d 1206, 1209 (D.N.M. 2006) (citing Ky. ex rel. United Pac. Ins. Co v. Laurel Cnty., 805 F.2d 628, 636 (6th Cir. 1986)).

The interpleader action and the cross-claim concern a dispute as to the title of mineral rights. Under the Quiet Title Act, 28 U.S.C. § 2409a, a party may challenge the United States' title to real property. See Block, 461 U.S. at 286 (holding the Quiet Title Act is the sole means of challenging the United States' title to real property). A complaint under the Quiet Title Act must, among other requirements, describe the interest held by the United States with particularity. See 28 U.S.C. § 2409a(d) ("The complaint shall set forth with particularity the nature of the right, title, or interest which the plaintiff claims in the real property, the circumstances under which it was acquired, and the right, title, or interest claimed by the United States.") (emphasis added). The Supreme Court has held that "[w]hen Congress attached conditions to legislation waiving the sovereign immunity of the United States, those conditions must be strictly observed[.]" Block, 461 U.S. at 287.

In its complaint, Brigham Oil and Gas states that it operates an oil well located on the lands that include the following description:

Township 154 North, Range 101 West
Section 25: All (consisting of Lots 1, 3, 4, 5, 6, 7, 8, 9, 10 and 11, NE/4NE/4, S/2SW/4, and the land between the meander lines of the Missouri River)
Section 36: All (consisting of Lots 1, 2, 3, 4 and 5, W/2, and the land between the meander lines of the Missouri River)

---

may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy.

(b) Such an action may be entertained although the titles or claims of the conflicting claimants do not have a common origin, or are not identical, but are adverse to and independent of one another.

See Docket No. 1-1. However, Brigham Oil and Gas fails to describe the United States' interest in the property and admits it "has no means of determining the proper allocation or apportionment of the suspended funds among the Defendants." See Docket No. 1-1, p. 8. The cross-claimant Upstream Innovations similarly states it "cannot at this time precisely identify which of the defendants in this action claim a mineral interest lying under" the well. See Docket No. 14, p. 6. Neither Brigham Oil and Gas' interpleader complaint nor Upstream Innovations' cross-complaint describes the United States' property interest with particularity.[2] The Court finds that the limited waiver of sovereignty under the Quiet Title Act does not apply because Brigham Oil and Gas and Upstream Innovations failed to describe the United States' property interest with particularity.

Under 28 U.S.C. § 2410, a limited waiver of immunity applies for cases where real property is encumbered by a lien or mortgage of the United States. This provision does not apply because the United States does not hold a lien or mortgage, but instead claims title to mineral rights of the property. See Docket No. 32-1 (explaining the United States claims a mineral interest in the property dating back to 1803); see Hull v. Tollefson, 138 F. Supp. 315, 317 (D.N.D. 1956) (". . . this Court is of the opinion that such statue [Section 2410] does not waive immunity of the United States from suits to quiet title to real property which it owns or claims to own in fee."); Cummings v. United States, 648 F.2d 289, 292 (5th Cir. 1981) ("Section 2410 does not confer subject matter jurisdiction for suits against the United States where the United States claims not a security interest but title to the property.")

It is well-established that the United States is not required to interplead without a waiver of its sovereign immunity. Coastal Rehab. Serv. v. Winyah Convalescent Ctr., 255 F. Supp. 2d 556, 559 (D.S.C. 2003) (citing Laurel Cnty., 805 F.2d at 636); see also 7 Charles Alan Wright, Arthur R. Miller

---

[2] The Court notes that the Government submitted an affidavit from Teri Bakken of the Bureau of Land Management. See Docket No. 32-1. Mr. Bakken describes the United States' title to mineral rights with particularity.

& Mary Kay Kane, Federal Practice and Procedure, § 1721 (3d ed. 1998-2011) ("The United States may not be required to interplead when it has not waived its sovereign immunity."). A plaintiff has the burden to establish subject matter jurisdiction and no party opposed the Government's motion to dismiss. Green Acres Enterprises, Inc. v. United States, 418 F.3d 852, 856 (8th Cir. 2005). In addition, the Court may interpret a failure to respond to a motion as an admission that the motion has merit. N.D. Local Civ. R. 7.1(F). The Court grants the Government's motion to dismiss for lack of jurisdiction because no party has shown the United States has waived its sovereign immunity for the claims presented in this matter.

### III. CONCLUSION

The Court has carefully reviewed Government's arguments and the relevant case law regarding waiver of sovereign immunity. For the reasons set forth above, the Court **GRANTS** the Government's "Motion to Dismiss" (Docket No. 31).

**IT IS SO ORDERED.**

Dated this 23nd day of November, 2011.

                 */s/ Daniel L. Hovland*
                 Daniel L. Hovland, District Judge
                 United States District Court